GENERAL TELEPHONE CO. OF FLORIDA v.
SOUTHERN BELL TEL. & TEL. CO.

No. 5976-TP.

Railroad & Public Utilities Commission.

June 1, 1960.

Howard P. Macfarlane and Hugh C. Macfarlane, both of Tampa, and John Robert Jones, Columbus, Ohio, for General Telephone Co. of Florida.

Harold B. Wahl and Nathan H. Wilson, both of Jacksonville, and Norman C. Frost, Atlanta, Ga., for Southern Bell Tel. & Tel. Co.

Chairman JERRY W. CARTER, Commissioners WILBUR C. KING and EDWIN L. MASON each participated in the disposition of this matter.

BY THE COMMISSION.

In response to a formal complaint filed by General Telephone Co. of Florida respecting agreement covering the basis of settlement for interchanged message toll telephone traffic, Southern Bell Tel. & Tel. Co., the defendant herein, filed with the commission its motion to dismiss the complaint, also its motion for more definite statement by the complainant.

The motion to dismiss is based on the following grounds — (1) The complaint fails to state a cause of action. (2) The complaint merely requests approval of methods and procedures used by complainant without stating just what methods and procedures were used. (3) There is not attached either the separations manuals referred to or the studies relied on by complainant.

The motion for more definite statement is based on the asserted claim that the complaint is couched in such general terms and is so vague, ambiguous, and indefinite that defendant reasonably cannot prepare a proper and adequate response, and that neither the defendant nor the commission can reasonably determine possible jurisdictional questions which may pertain to the complaint. By this motion for a more definite statement, defendant moves that the complainant be required — (1) To allege the specific methods and procedures used by complainant in determining its cost of furnishing message toll telephone service jointly with the defendant, which methods and procedures complainant requests this commission to approve; and (2) To specify what detailed separations studies have been made by complainant to determine its costs, expenses and plant value required in furnishing message toll telephone service jointly with defendant, which separations studies complainant requests this commission to prescribe, and to allege the methods and procedures used in making such studies.

General Telephone Co. of Florida, the complainant herein, and Southern Bell Tel. & Tel. Co., defendant, are corporations owning, operating, and managing telephone lines used in the conduct of the business of affording telephonic communication for hire within this state and, as such, are telephone companies as defined by the laws of this state subject to the jurisdiction of this commission. Message toll telephone traffic interchanged between the systems operated by said companies have been handled

for many years upon the terms and conditions stated in a Connecting Company Traffic Agreement, originally executed on June 23, 1953 between Peninsular Telephone Company (now General Telephone Co. of Florida) and Southern Bell Tel. & Tel. Co., including various revisions, supplements and amendments thereto. The agreement provided for its termination by 60 days prior notice from either company to the other and the same has now been terminated by complainant.

A series of meetings, conferences, and correspondence between the parties have failed to produce a new agreement satisfactory to both parties. As a result, General Telephone Co. of Florida has filed its complaint herein praying that the commission hold such hearings as may be necessary or proper, and thereafter enter an order — (a)  Approving the methods and procedures used by complainant in determining its cost of furnishing message toll telephone service jointly with defendant;  (b)  Requiring the defendant to make such payments to complainant as will adequately cover all costs to complainant involved in originating, terminating, operating and hauling of interchanged message toll telephone traffic, including an adequate and reasonable return on complainant's investment in plant and facilities devoted to that purpose. (c)  Prescribing that settlements shall be pursuant to detailed separations studies made by complainant to determine its costs, expenses, and plant value required in furnishing message toll telephone service jointly with defendant; and  (d)  Granting to complainant such other and further relief to which it is entitled in the premises.

As a predicate for the foregoing prayer, complainant alleged in its complaint that it had made a separations study for the purpose of determining its costs of furnishing message toll telephone service jointly with defendant; and that its separations study conformed in all material respects to a Separations Manual issued by the United States Independent Telephone Association, in October 1959, which set forth standard separations methods and procedures consistent with the principles established in the Separations Manual issued jointly in 1957 by the National Association of Railroad and Utilities Commissioners and the Federal Communications Commission. For convenience, these two manuals will be referred to herein as the 1957 NARUC-FCC Separations Manual and the 1959 USITA Separations Manual.

The parties, by their respective attorneys, have presented arguments, orally and by written briefs, in support of and in opposition to the aforesaid motions, and the matter now comes before the commission for its decision.

With reference to the motion to dismiss, it is our opinion that the complaint does state a cause of action; that the failure to describe with particularity the separations methods and procedures for which approval is sought, is not necessarily fatal but may be cured by a more definite statement; and that it is not essential that actual and complete copies of either the separations manuals or the studies relied on by complainant should be attached to the complaint. Therefore, it is our opinion that the motion to dismiss is not well founded and should be denied.

The motion for a more definite statement is a different matter. The rules governing practice and procedure before the commission provide that if a pleading is couched in such general terms, or is so vague, ambiguous, or indefinite as to make it unreasonably difficult to prepare and serve adequate notice of any hearing that may be required with reference thereto, or an adverse party reasonably cannot prepare a proper and adequate response, the commission, in its discretion, on proper request or its own motion, may point out the defects complained of and the details desired and require the pleader to file a more definite statement or pleading before issuing formal notice of hearing or requiring responsive pleadings to be filed. If the prayer of the complaint had been limited to the simple relief of requiring the defendant to make such payments to complainant as will adequately cover all costs to complainant involved in originating, terminating, operating and hauling of interchanged message toll telephone traffic, including an adequate and reasonable return on complainant's investment in plant and facilities devoted to that purpose, then we would have no particular problem in settling the pleadings and the issues. However, the complainant seeks more than the recovery of its costs as aforesaid. It specifically prays that the commission approve the methods and procedures used by complainant in determining such costs, and prescribe that settlements shall be pursuant to detailed separations studies made by complainant to determine its costs, expenses, and plant values required in furnishing message toll telephone service jointly with defendant. Apparently, the final prayer of the complaint, as just recited, has reference not only to present settlements, but to future ones as well.

It is our opinion that the complaint is not sufficiently definite to permit defendant to prepare a proper and adequate response. Frankly, it is very nearly so, but that is not enough. Of course, the 1959 USITA Separations Manual and the 1957 NARUC-FCC Separations Manual are documents well known in the telephone industry and in regulatory circles and presumably will become important exhibits ultimately in this proceeding. The commis-

sion, however, is not requested to approve either of those manuals, but methods and procedures which complainant alleges conform in all material respects to the 1959 USITA Separations Manual which in turn, complainant says, is consistent with the principles embodied in the 1957 NARUC-FCC Separations Manual. Reference by complainant to this 1957 NARUC-FCC Separations Manual leaves the impression that said manual is relevant to the issues which must be decided by the commission; otherwise, there appears to be little or no reason for bringing it into this controversy because there is no allegation that it was followed by complainant. Apparently, there are some differences between the two manuals, important differences, otherwise, it is difficult to explain the existence of two such technical documents which seek to establish separations methods and procedures for the same industry. The existence of important differences is further denoted by the allegations of the complaint that — "A disagreement arose between the parties hereto as to how the [separations] studies should be made." What those differences are, and how those differences affect the ultimate result or settlements, are important issues in this proceeding. Those differences apparently constitute the very controversy which this commission is called upon to decide.

It is our opinion, therefore, that the complaint should disclose wherein complainant's separations study, and the methods and procedures followed by it in making said study, differ from the methods and procedures set forth in the 1957 NARUC-FCC Separations Manual and the 1959 USITA Separations Manual. To this extent, therefore, the motion for more definite statement should be granted.

In disposing of the two motions presently pending before the commission, it is our opinion that a pre-hearing conference should be held pursuant to the terms, conditions and authority contained in section 350.631, Florida Statutes, at the time and place hereinafter designated. At such pre-hearing conference the commission will request the admission of the 1957 NARUC-FCC Separations Manual and the 1959 USITA Separations Manual without the usual proof of their authenticity.

The commission being fully advised in the premises, it is therefore ordered —

That the defendant's motion to dismiss is denied.

That the defendant's motion for more definite statement is granted to the extent that the complainant is hereby directed to file herein on or before June 17, 1960, either by amendment

or supplement to its complaint, a definite and detailed statement fully disclosing wherein and to what extent complainant's separations study, and the methods and procedures followed by it in making said study, differ from the methods and procedures set forth in the 1957 NARUC-FCC Separations Manual and the 1959 USITA Separations Manual.

That the defendant be and it is hereby directed to file an appropriate responsive pleading to the complaint and the aforesaid amendment or supplement on or before July 8, 1960.

That a pre-hearing conference be held at the commission's hearing room in the Whitfield Building, 700 South Adams Street, Tallahassee, commencing at 10 A. M., July 19, 1960, by Lewis Petteway, general counsel for the commission, who is hereby designated as hearing examiner for the purpose of holding said pre-hearing conference, and the attorneys for the respective parties herein are directed to appear at said time and place before said hearing examiner for a conference to consider — (1) The simplification of the issues, (2) The necessity or desirability of amendments to the pleadings, (3) The possibility of obtaining admissions of fact and of documents, including the 1957 NARUC-FCC Separations Manual and the 1959 USITA Separations Manual, which will avoid unnecessary proof, (4) The limitation of the number of expert witnesses, (5) The time and place for a hearing of this cause on its merits, and (6) Such other matters as may aid in the disposition of this action.